Orazio Tafuri ⎫
vs. ⎬ Eq. No. 10002.
Guiseppi Restino et al. ⎭

March 21, 1930.

BLODGETT, P. J. Bill in equity to set aside a sheriff's deed of real estate and to declare same null and void.

An execution was duly issued from the Superior Court in a bill in equity wherein the present respondent was complainant and the present complainant was respondent. This execution remaining unpaid was duly levied upon the real estate of complainant and in due course the real estate sold at execution sale to Restino, the only bidder.

No question is raised as to the validity of the sale except as to the amount of the bid and as to the payment of same by Restino upon delivery of the deed.

Upon the return of the sheriff, after delivery of the deed, appears the item of five dollars for said bid charged by the sheriff against Restino as the bid for said property among the expenses of said sale and no question raised that the bid and expenses of the sale were paid upon delivery of the deed.

There is no question but that the sheriff must demand cash upon an execution sale, but payment for the same is to be made upon delivery of the goods, if personal property is sold, or delivery of a deed in case of sale of real estate.

The return of the officer shows that he received five dollars at the time of delivery of deed.

The Rhode Island cases cited by complainant in his brief, viz.: *Gerardi* vs. *Caruolo*, 27 R. I. 214, *Gautieri* vs. *Cianciarulo*, 34 R. I. 512, and *Boiani* vs. *Wilson & Pettey*, 47 R. I. 317, do not support contention of complainant.

The latter case holds that inadequacy of price is not alone a sufficient reason for setting aside an execution sale, but is an important matter to be considered in combination with all the circumstances surrounding the sale.

The record in the present case discloses that the complainant knew of the issuance of this execution, and was informed by counsel for Restino that unless same was paid the real estate would be sold, yet took no steps to have the execution stayed or the sale postponed.

Prayer for preliminary injunction denied.

For complainant: Harlow & Boudreau.

For respondents: Pettine, Godfrey & Cambio.